James R. Patterson, State Bar No. 211102
Matthew J. O'Connor, State Bar No. 203334
HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway, 29TH Floor
San Diego, CA 92101
Tel: (619) 756-6990
Fax: (619) 756-6991

Attorneys for Plaintiff and the Class

E-fil...

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA MOTTA, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WHOLE FOODS MARKET, INC., a Texas Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. CV11 1322<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>(1) VIOLATION OF CALIFORNIA CIVIL CODE § 1747.08;<br>(2) COMMON LAW NEGLIGENCE;<br>(3) INVASION OF PRIVACY; AND<br>(4) UNLAWFUL INTRUSION<br><br>**REQUEST FOR JURY TRIAL** |

Plaintiff Donna Motta on behalf of herself and all others similarly situated, complains and alleges upon information and belief based, among other things, upon the investigation made by Plaintiff by and through her attorneys, as follows:

## I. INTRODUCTION

1. California Civil Code section 1747.08 generally states that when a merchant is engaged in a retail transaction with a customer, the merchant may neither (1) request personal identification information from a customer paying for goods with a credit card, and then record that personal identification information upon the credit card transaction form or otherwise; nor (2) require as a condition to accepting the credit card as payment the cardholder to provide the customer's personal identification information which the retailer causes to be written, or

otherwise records upon the credit card transaction form or otherwise.[1]

2. Defendants operate retail stores throughout the United States, including California. Defendants are engaging in a pattern of unlawful and deceptive business practices by requesting and recording personal identification information, including zip codes, from customers using credit cards at the point-of-sale in Defendants' retail establishments.

3. On information and belief, Defendants use the zip codes and additional information obtained from customers' credit cards, including their names, to obtain their residential home addresses. Defendants obtain credit card customers' addresses with the help of third-party vendors such as Experian or Acxiom that maintain proprietary software and databases containing hundreds of millions of individual consumers' contact information. These vendors typically require merchants to confirm that they have obtained customers' informed consent to utilize their personal identification information before it is shared with the vendor.

4. Defendants do not disclose their true intentions behind requesting customers' zip codes, including that it will be used to obtain customers' home addresses, or shared with third parties. Rather, Defendants rely on consumers' incorrect assumption that Defendants want their zip codes to verify their identities for security purposes and as part of the credit card transaction. But, on information and belief, Defendants are not using credit card customers' zip codes for security measures, and this information is certainly not necessary to process customers' credit cards.

5. Plaintiff does not seek any relief greater than or different from the relief sought for the Class of which Plaintiff is a member. If successful, this action will enforce an important right affecting the public interest and will confer a significant benefit, whether pecuniary or non-pecuniary, on a large class of persons. Private enforcement is necessary and places a

---

[1] California Civil Code section 1747.08 states in relevant part:
"(a) Except as provided in subdivision (c), no person, firm, partnership, association, or corporation which accepts credit cards for the transaction of business shall do either of the following:
(2) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise.
(b) For purposes of this section 'personal identification information,' means information concerning the cardholder, other than information set forth on the credit card, and including, but not limited to, the cardholder's address and telephone number."

disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in the matter.

## II. JURISDICTION AND VENUE

6. Plaintiff is informed and believes that defendant Whole Foods Market, Inc. is a Texas Corporation with its corporate headquarters in Austin, Texas.

7. Plaintiff is a resident of California and entered into credit card transactions at one or more of Defendants' retail locations in the Northern District of California.

8. Defendants have accepted credit cards for the transaction of business throughout California, including in the Northern District of California. All injuries occurred in California, including within the Northern District of California, which has caused both obligations and liability to arise in this district.

9. There is minimum diversity since Plaintiff and other Class members are citizens of California and defendant Whole Foods is a citizen of Texas. And the collective claims exceed five million dollars ($5,000,000) for purposes of establishing jurisdiction under the Class Action Fairness Act.

### A. Doe Defendants

10. Except as described herein, Plaintiff is ignorant of the true names of Defendants sued as DOES 1 through 50, inclusive, and the nature of their wrongful conduct, and therefore sues these DOE Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

### B. Agency/Aiding And Abetting

11. At all times herein mentioned, Defendants, and each of them, were an agent or joint venturer of each of the other Defendants, and in doing the acts alleged herein, were acting within the course and scope of such agency. Each defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

12. Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiff and the

Class, as alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of his/its primary wrongdoing and realized that his/her/its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

## III. CONDUCT GIVING RISE TO VIOLATIONS OF THE LAW

### A. Plaintiff's Contact with Defendant

13. On at least one occasion within the last 12 months, Plaintiff went shopping at one of Defendants' retail stores located in the state of California.

14. Plaintiff proceeded to the cashiers' section of Defendants' store to pay for the selected merchandise with a credit card.

15. During the credit card transaction, and as part of Defendants' policy, Defendants' cashier requested personal identification information from Plaintiff in the form of Plaintiff's zip code, without informing Plaintiff why the information was being requested.

16. Plaintiff believed the requested information was necessary to complete the credit card transaction and provided Plaintiff's zip code to Defendants' cashier.

17. The cashier typed and recorded Plaintiff's zip code into an electronic cash register at the checkout counter adjacent to both the employee and Plaintiff.

18. Plaintiff then completed the transaction with the cashier and left the store with the purchased merchandise.

## IV. PLAINTIFF'S CLASS ACTION ALLEGATIONS

19. Plaintiff brings this class action against Defendants, pursuant to California Code of Civil Procedure section 382, on behalf of all persons from whom Defendants requested and recorded personal identification information in conjunction with a credit card transaction in California (herein referred to as the "Class"). Excluded from the Class are Defendants, their corporate parents, subsidiaries and affiliates, officers and directors, any entity in which Defendants have a controlling interest, and the legal representatives, successors or assigns of any such excluded persons or entities.

20. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time, such information can be ascertained through appropriate discovery, from records maintained by Defendants.

21. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable, the likelihood of individual Class members prosecuting separate claims is remote and individual Class members do not have a significant interest in individually controlling the prosecution of separate actions. Relief concerning Plaintiff's rights under the laws alleged herein and with respect to the Class as a whole would be appropriate. Plaintiff knows of no difficulty to be encountered in the management of this action which would preclude its maintenance as a class action.

22. There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, and Plaintiff's claims are typical of the Class claims.

23. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

    a. whether Defendants requested zip codes from credit card customers;

    b. whether Defendants recorded credit card customers zip codes;

    c. whether Defendants' conduct violates California Civil Code section 1747.08;

    d. what was done with the collected information, including whether it was stored, sold, or otherwise disseminated to others; and

    e. the proper amount of civil penalties to be awarded to Plaintiff and the Class.

24. Plaintiff's claims are typical of those of the other Class members because Plaintiff, like every other Class member, was exposed to virtually identical conduct and is entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation pursuant to California Civil Code section 1747.08(e).

25. Plaintiff can fairly and adequately represent the interests of the Class, has no

conflicts of interest with other Class members, and has retained counsel competent and experienced in class action litigation.

### FIRST CAUSE OF ACTION FOR VIOLATIONS OF CALIFORNIA CIVIL CODE § 1747.08

26. Plaintiff refers to and incorporates by reference as though set forth fully herein paragraphs 1 through 25 of this Complaint.

27. California Civil Code section 1747.08 prohibits any corporation, which accepts credit cards for the transaction of business, from requesting the cardholder to provide personal identification information which the corporation then records in conjunction with a credit card transaction.

28. Defendants accept credit cards for the transaction of business. During the class period, Defendants had a policy of requesting and recording credit card customers' zip codes at the point-of-sale in Defendants' retail establishments. Zip codes constitute personal identification information for purposes of section 1747.08.

29. Plaintiff and the Class are entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation pursuant to California Civil Code section 1747.08(e).

### SECOND CAUSE OF ACTION FOR NEGLIGENCE

30. Plaintiff refers to and incorporates by reference as though set forth fully herein paragraphs 1 through 29 of this Complaint.

31. Defendants owed a duty of care to Plaintiff and the Class to reasonably protect their personal identification information, including their zip codes, home addresses and payment information, and to reasonably inform them of Defendants' intended use of their zip codes for purposes not related to the completion of their credit card transactions with Defendants.

32. Defendants negligently failed to take reasonable steps to protect Plaintiff's and the Class' personal identifying information and payment information from being collected, stored and used without Plaintiff's and the Class' knowledge or consent.

33. Defendants negligently failed to take affirmative steps to alert Plaintiff and the Class of Defendants' intent to use their zip codes to obtain their home addresses and other private

information.

34. Defendants further negligently omitted to inform Plaintiff and the Class that it would use their personal identification information for marketing, and that it would be sold or otherwise disseminated to third parties.

35. On information and belief, Defendants also negligently failed to comply with third-party vendor rules, which require Defendants to have customers' informed consent prior to sharing their personal identification information with the vendors, or using this information to obtain their home addresses from the vendors' proprietary databases of information.

36. On information and belief, Defendants negligently shared Plaintiffs and the Class' personal identification information, including their zip codes and home addresses, with other vendors and retailers, and without authorization.

37. Defendants knew, or reasonably should have known that Plaintiff and the Class would not have provided their zip codes to Defendants, or even entered into credit card transactions with Defendants, had Plaintiff and the Class known that Defendants intended to use their zip codes to obtain their home addresses, which would then be stored and shared with others.

38. Defendants' conduct has caused Plaintiff and the Class to suffer damages by having their personal identification information accessed, stored, and disseminated without their knowledge or consent, and because they have been placed at serious risk for harassment, fraud, and identity theft from anyone that has, or may obtain access to their personal identification information, including their zip codes, home addresses, and billing information.

39. At the time of Defendants' representations and omissions, Plaintiff and the Class did not know that they were false, and were ignorant of the omitted and/or concealed facts. In reliance on these misrepresentations and without the benefit of the material omissions, Plaintiff and the Class entered into credit card transactions with Defendants and provided Defendants with their personal identification information.

40. Reliance on Defendants' representations and omissions was justified because Plaintiff and the Class had no reason to believe that Defendants would use their zip codes to

obtain their private home addresses, that this information would be stored and used by Defendants, or that it would be disseminated and shared with others.

41. Plaintiff and the Class have been damaged by Defendants' negligent misrepresentations in an amount to be proven at trial.

42. On information and belief, Defendants received, and continue to receive substantial revenue from the unauthorized use and sale of Plaintiff's and the Class' personal identification information. This constitutes unjust enrichment for Defendants and must be disgorged, and restored to Plaintiff and the Class.

### THIRD CAUSE OF ACTION FOR INVASION OF PRIVACY

43. Plaintiff refers to and incorporates by reference as though set forth fully herein paragraphs 1 through 42 of this Complaint.

44. The constitutionally guaranteed right of privacy unequivocally includes the right to control the dissemination of one's private personal information, including one's home address.

45. Plaintiff and the Class have legally protectable privacy interests in their home address information, and their ability to control the disclosure and dissemination of this information.

46. Plaintiff and the Class had reasonable expectations that their private home addresses would remain private when they entered into credit card transactions with Defendants. They were certainly not aware that Defendants would use their names (captured from their credit cards) and zip codes to obtain their private home addresses.

47. Defendants did not disclose their intention to use Plaintiff and the Class' zip codes to obtain their home addresses, and instead requested Plaintiff and the Class' zip codes under the guise of needing them for security purposes and to complete their credit card transactions.

48. Defendants' actions constitute a "serious" invasion of privacy in that Plaintiff and the Class have had their private home addresses accessed, shared, and sold to others without their knowledge or consent. In addition to the unwanted dissemination of their private information, Plaintiff and the Class have been placed at serious risk of harassment, fraud and identity theft as a result of Defendants' conduct.

CLASS ACTION COMPLAINT

49. Plaintiff and the Class have been damaged by Defendants' conduct in an amount to be proven at trial.

50. Unless and until enjoined, and restrained by order of this Court, Defendants' wrongful conduct will continue to cause Plaintiff and the Class great and irreparable injury in that their private personal information, including their home addresses and billing information will remain at risk. Defendants will continue to use this unlawfully obtained information for their own purposes and profit, it will be sold and disclosed to others, and it may be stolen and used for identity theft and credit card fraud. Plaintiff and the Class have no adequate remedy at law for the injuries in that a judgment for the monetary damages will not end the invasion of privacy.

## FOURTH CAUSE OF ACTION FOR UNLAWFUL INTRUSION

51. Plaintiff refers to and incorporates by reference as though set forth fully herein paragraphs 1 through 50 of this Complaint.

52. One who intentionally intrudes upon the solitude or seclusion of another or his private affairs or concerns is subject to liability for invasion of privacy. The Supreme Court of California instructs that the tort of intrusion is not limited to physical invasions, but also lies where the defendant "obtained unwanted access to data about the plaintiff."

53. Plaintiff and the Class had reasonable expectations that their personal identification information, including their private home addresses and billing information would remain private when they entered into transactions with Defendants. They had no idea that Defendants would use their zip codes to obtain their private home addresses, or that this information would be stored and used for Defendants' profit, and sold to others. Defendants did not disclose their intentions to use Plaintiff and the Class' zip codes to obtain their home addresses, and instead relied on Plaintiff and the Class' false assumption that their zip codes were a necessary security measure to process their credit card transactions.

54. The manner in which Defendants intruded upon Plaintiff and the Class' privacy rights is highly offensive to a reasonable person.

55. As a proximate result of the above acts, Plaintiff and the Class' personal

identification information was used by Defendants for their own profit, and to the detriment of Plaintiff and the Class, resulting in damages in the amount to be proven at trial.

56. Unless and until enjoined, and restrained by order of this Court, Defendants' wrongful conduct will continue to cause Plaintiff and the Class great and irreparable injury in that their private personal information, including their home addresses and billing information will remain at risk. Defendants will continue to use this unlawfully obtained information for their own purposes and profit, it will be sold and disclosed to others, and it may be stolen and used for identity theft and credit card fraud. Plaintiff and the Class have no adequate remedy at law for the injuries in that a judgment for the monetary damages will not end this unlawful intrusion.

## V. <u>PRAYER FOR RELIEF</u>

1. That the Court certifies this action as a class action appointing Plaintiff as the Class Representative and Plaintiff's counsel as Class counsel;

2. For an award to Plaintiff and to each member of the Class the civil penalty to which he or she is entitled under California Civil Code section 1747.08(e);

3. For general damages according to proof;

4. Restitution and disgorgement any ill-gotten profits from Defendants to the extent permitted by applicable law, together with interest thereon from the date of payment;

5. That the Court preliminarily and permanently enjoins Defendants from engaging in the conduct alleged herein;

6. Other injunctive and declaratory relief as may be appropriate;

7. For distribution of any moneys recovered on behalf of the Class of similarly situated consumers via fluid recovery or *cy pres* recovery where necessary to prevent Defendants from retaining the benefits of their wrongful conduct;

8. For an award of attorneys' fees as authorized by statute including, but not limited to, the provisions of California Code of Civil Procedure § 1021.5, and as authorized under the "common fund" doctrine;

9. For costs of the suit;

10. For prejudgment interest at the legal rate;

11. And for such other relief as the Court may deem proper.

### DEMAND FOR JURY TRIAL

Plaintiff and the Class demand a jury trial for all of the claims so triable.

Date: March 18, 2011

HARRISON PATTERSON & O'CONNOR LLP

By: _____
James R. Patterson
Matthew J. O'Connor
Attorneys for Plaintiff